UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAHARON BARNES,

                Plaintiff,

      -against-

MORGAN & MORGAN,

                Defendant.

25-CV-3773 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action against Defendant Morgan & Morgan, a personal injury law firm he alleges is headquartered in New York and has refused to return Plaintiff's documents. By Order dated May 20, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction and grants Plaintiff 30 days' leave to file an amended complaint.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief.  *Id.* at 678.

**BACKGROUND**

The following facts are drawn from the complaint.[1]  (ECF No. 1.)  On May 26, 2023, unidentified hospital staff arranged a ride for Plaintiff using Uber's platform.  (*Id.* at 8.)  While Plaintiff was in the back seat of the vehicle, the driver backed up into another vehicle.  (*Id.*) Plaintiff then sent documents related to the accident to attorneys at Morgan & Morgan.  (*Id.*)  At

---

[1] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

a later "unknown" date, Plaintiff "wrote [to the] New York Office [of] Morgan & Morgan [to] request documents," and repeatedly requested the documents "after going to florida headquarters," but he has still "not receive[d] his documents." (*Id.*)

Plaintiff sues Morgan & Morgan, asserting a claim of "vandalism property damage." (*Id.*) Plaintiff describes his injuries as "mental anguish." (*Id.* at 6.) Plaintiff seeks an unspecified amount in damages, writing in the "relief" section that he seeks "basic case / dollar amount." (*Id.*)

## DISCUSSION

**A.    Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (emphasis added); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

**1.    Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff must assert claims that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that

3

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Although Plaintiff did not mark the "federal question" box under "basis for jurisdiction" in his complaint, he states that "basis of rights" provides the Court with federal question jurisdiction. (ECF No. 1 at 2.) Aside from writing "basis of rights," Plaintiff does not refer to any federal law under which his claims arise. The Court therefore lacks federal question jurisdiction over this matter.

2.   **Diversity Jurisdiction**

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For purposes of diversity jurisdiction, an individual is a citizen of the state where he is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business, usually its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). An unincorporated entity possesses the citizenship of each of its members. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016); *see also United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 302 (2d Cir. 1994) ("[T]he citizenship of an unincorporated association . . . is determined by the citizenship of *each* of its members" (emphasis in original)).

Plaintiff provides an address for himself in Manhattan, and he alleges that he is a citizen of New York.[2] (ECF No. 1 at 2-3.) He asserts that Defendant Morgan & Morgan is a citizen of

---

[2] On June 5, 2025, the Court received a change of address form from Plaintiff listing a post office box in Georgia as his address of record. (ECF No. 5.) It is not clear whether Plaintiff's domicile has changed, but even if it has, "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*,

4

"Georgia/Florida/New York." (*Id.* at 3.) It is unclear if Defendant is a partnership or other unincorporated entity—taking the citizenship of each of its members—or if it is a corporation, for which citizenship depends on the state of incorporation and principal place of business. Plaintiff alleges, however, that both he and Defendant are citizens of New York. Because Plaintiff does not allege that the parties have diverse citizenship, and he has not alleged facts showing that the amount in controversy exceeds $75,000, Plaintiff has not demonstrated that the Court has diversity jurisdiction over this matter.

Because Plaintiff has not established federal question jurisdiction or diversity jurisdiction, the Court dismisses the complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

**B.     Leave to Amend Is Granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts that demonstrate that the Court has subject matter jurisdiction over this action, the Court grants Plaintiff 30 days' leave to amend his complaint.

---

541 U.S. 567, 570 (2004) (citing *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)). This rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing." *Id.* at 571.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action. Nothing in this Order prevents Plaintiff from refiling the action in an appropriate state court.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this action open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   July 18, 2025                                          /s/ Kimba M. Wood
         New York, New York

                                                                KIMBA M. WOOD
                                                                United States District Judge