UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAHARON BARNES,

                  Plaintiff,

        -against-

MORGAN & MORGAN,

                  Defendant.

25-CV-3773 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP").  He brings this action against Defendant Morgan & Morgan, a personal injury law firm.  By Order dated July 18, 2025, the Court dismissed Plaintiff's complaint for lack of subject matter jurisdiction and granted Plaintiff 30 days' leave to file an amended complaint.  Plaintiff has filed an amended complaint (ECF No. 7) and the Court has reviewed it.  For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678-79.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief.  *Id.* at 678.

## BACKGROUND

The following facts are drawn from the amended complaint.[1]  (ECF No. 7.)  Plaintiff alleges that in 2024 or 2025, he requested documents about his "accident case" from attorneys at the headquarters of Morgan & Morgan in Orlando, Florida.[2]  (*Id*. at 5.)  Plaintiff sought

---

[1] The Court quotes from the amended complaint verbatim.  All spelling, grammar, and punctuation appear as in the amended complaint, unless noted otherwise.

[2] In his initial complaint, Plaintiff alleged that on May 26, 2023, unidentified hospital staff arranged a ride for him using Uber's platform.  (ECF No. 1 at 8.)  While Plaintiff was in the back seat of the vehicle, the driver backed up into another vehicle.  (*Id.*)

information about the date of the incident and a "tag on [the] car." (*Id.*) Plaintiff states that his claims against Morgan & Morgan arose "by mail [in] New York" and "phone in Florida." (*Id.*) Plaintiff writes in the "relief" section of the form complaint that he would "just rather be driving his own path. $ unknown." (*Id.* at 6.)

Plaintiff provides an address for himself in Georgia and alleges that he is citizen of Georgia and New York. (*Id.* at 2.) Plaintiff alleges that Defendant Morgan & Morgan is incorporated under the laws of Georgia and has its principal places of business in New York and Florida. (*Id.* at 3.)

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

### 1.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff must assert claims that arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under

3

federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).  Plaintiff did not mark the "federal question" box under "basis for jurisdiction" in his amended complaint form. (ECF No. 7 at 2.)  Plaintiff also does not refer to any federal law under which his claims arise, and the facts alleged do not give rise to any obvious federal claim.  The Court therefore lacks federal question jurisdiction over this matter.

### 2.    Diversity Jurisdiction

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states.  *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  For purposes of diversity jurisdiction, an individual is a citizen of the state where he is domiciled.  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  A corporation, however, is a citizen of both the state where it is incorporated and the state where it has its principal place of business, usually its headquarters.  28 U.S.C. §1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  An unincorporated entity possesses the citizenship of each of its members.  *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016); *see also United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 302 (2d Cir. 1994) ("[T]he citizenship of an unincorporated association . . . is determined by the citizenship of *each* of its members").

In addition, the plaintiff must allege to a "reasonable probability" that the claim exceeds $75,000, the statutory jurisdictional amount.  *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.,* 438 F.3d 214, 221 (2d Cir. 2006) (internal quotation and citation omitted).

4

"[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (citing *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)). This rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing." *Id.* at 571.[3]

In his original complaint, Plaintiff alleged that he was a citizen of New York, and he provided an address for himself in Manhattan; he alleged that Defendant Morgan & Morgan was a citizen of Georgia/Florida/New York. (ECF No. 1 at 2-3.) On June 5, 2025, the Court received a change of address form from Plaintiff listing a post office box in Georgia as his address of record. (ECF No. 5.) In the amended complaint, Plaintiff alleges that he is a citizen of New York and Georgia (*id.* at 2), although he does not plead facts about his domicile, either currently or at the time of bringing this action. Plaintiff alleges in the amended complaint that Defendant Morgan & Morgan is a citizen of New York, Georgia, and Florida. (*Id.*). The allegations of the amended complaint thus do not demonstrate that there is diversity of citizenship, whether Plaintiff is a citizen of New York or Georgia, because Plaintiff alleges that parties on both sides are citizens of the same state. Plaintiff also has not alleged facts showing that the amount in controversy exceeds $75,000. Plaintiff therefore has not met his burden of demonstrating that the Court has diversity jurisdiction over this matter.

---

[3] *See also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."); *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 389 (2d Cir. 2021) ("[A] plaintiff may cure defective jurisdictional allegations, unlike defective jurisdiction itself, through amended pleadings.").

Because Plaintiff has not established federal question jurisdiction or diversity jurisdiction, the Court dismisses the complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

**B.      Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend, and has not cured the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff cannot cure the defects in his amended complaint with a further amendment, the Court declines to grant Plaintiff another opportunity to amend. Nothing in this Order prevents Plaintiff from refiling the action in an appropriate state court.

**CONCLUSION**

The Court dismisses Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    June 1, 2026                                    /s/ Kimba M. Wood
          New York, New York

                                                  KIMBA M. WOOD
                                            United States District Judge

6